IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**RICHARD COLLINS,**

    **Plaintiff,**                                        **Civil Action No.** 3:17-cv-3773

**v.**                                                   **JURY TRIAL DEMANDED**

**REPUBLIC SERVICES ALLIANCE
GROUP, INC.**

    **Defendant.**

## COMPLAINT

Your Plaintiff, Richard Collins, by his counsel, Hoyt Glazer, Esq. and the Law Office of Hoyt Glazer, PLLC, files this legal action against Republic Services Alliance Group, Inc., seeking redress and remedy arising from the Defendant's deliberate failure to comply with the provisions of The Family and Medical Leave Act of 1993 ("FMLA"), the West Virginia Human Rights Act, and the public policy and common law of the State of West Virginia prohibiting illegal discrimination and retaliation against persons with disabilities. Plaintiff requests a jury trial and relief sufficient to remedy the unlawful and outrageous employment practices of the Defendant.

## PARTIES

1. Plaintiff, Richard Collins, is and, at all times alleged, was a citizen and resident of Cabell County, West Virginia.

2. Defendant, Republic Services Alliance Group, Inc., is a foreign corporation licensed to do business in the state of West Virginia with its principal office located in Phoenix, Arizona.

3. Defendant provides waste disposal services in several states, and at all times alleged, conducted business in the state of West Virginia.

1

4. At all times alleged, Defendant acted by and through its agents, employees, supervisors, directors, members, officers and assigns and within the full scope of agency, office, employment, or assignment.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this civil action under Article III, §2 of the United States Constitution and 28 U.S.C. §1331.

6. Venue is appropriate in this case under 28 U.S.C. §1391(b) because the Defendant is a resident of West Virginia under 28 U.S.C. §1391(c)(2), and a substantial part of the events giving rise to this claim occurred Cabell County, West Virginia which is in the Southern District of West Virginia.

## FACTS

7. On or about June 8, 2013, Plaintiff began working for Defendant as a truck driver.

8. At all times during his employment, Plaintiff met the reasonable expectations of the Defendant, and performed his duties satisfactorily.

9. Over the course of his employment, Plaintiff performed the majority of his work in West Virginia.

10. In early 2015, Plaintiff's mother suffered from a serious health condition that required her to receive care and treatment from hospice from approximately February 13, 2015 until her death on April 6, 2015.

11. Mr. Collins asked Defendant about taking leave under the Family and Medical Leave Act so that he could care for his mother.

12. Defendant did not, at any time, provide Mr. Collins with accurate notice of his rights or eligibility to take leave under the FMLA to care for his mother.

13. Defendant mistakenly represented to Mr. Collins that he did not qualify for FMLA leave.

14. On or about September 8, 2015, Mr. Collins suffered an anxiety attack, which caused him to miss work.

15. Mr. Collins' anxiety required and requires continuing treatment and/or otherwise constitutes a serious health condition because, without treatment, his condition would cause him to miss three or more days of work.

16. Mr. Collins timely informed Defendant of his need for time to care for his condition.

17. Defendant told Mr. Collins that he did not have any additional leave available and terminated Mr. Collins.

18. As a result of Defendant's actions, Plaintiff has suffered emotional distress, loss of income and benefits and other damages.

## COUNT I: INTERFERENCE WITH RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT

19. Plaintiff incorporates the previous paragraphs as if set forth herein.

20. When Mr. Collins requested and/or required leave, he was qualified and eligible for leave under the FMLA to care for his mother and his own serious health condition.

21. At the time when he required FMLA leave and notice, Plaintiff had been employed by Defendant longer than twelve (12) months and had worked at least twelve hundred fifty (1250) hours of service for Defendant in the prior twelve-month period.

22. Defendant is and was a covered employer under the FMLA, and employs 50 or more people within 75 miles of the location where Plaintiff was employed.

23. The FMLA requires that "[w]hen an employee requests FMLA leave, or when the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances." 29 C.F.R. §825.300(b)(1).

24. Under 29 C.F.R. §825.300(b)(1), the notice "must state whether the employee is eligible for FMLA leave." If the employee is not eligible, the notice "must state at least one reason why the employee is not eligible." Id. §825.300(b)(2).

25. Under 29 C.F.R. §825.300(c)(1) an employer is also required to provide written notice detailing the employee's rights and responsibilities under the FMLA.

26. An employer is further required, on each occasion when rights and responsibilities notice is to be provided, to notify the employee of the designation of her leave, and specifically, whether such leave will be designated as FMLA leave and count towards the employee's total available leave time under the FMLA. 29 C.F.R. §825.300(d).

27. Like rights and responsibilities notice, designation notice must also be provided in writing.

28. Plaintiff requested a leave of absence (FMLA leave) to care for the serious health condition of his mother and to treat his serious health condition and/or supplied sufficient notice to Defendant of his condition such that it required Defendant to provide individual FMLA notice to Plaintiff.

29. Defendant provided inaccurate, verbal notice to Plaintiff that he was ineligible for FMLA leave and failed to provide Plaintiff with the required, individual notice of his rights and responsibilities under the FMLA.

30. Defendant's failure to provide proper and accurate notice resulted in prejudice to Plaintiff

4

and impairment of his legal rights including, but not limited to, Plaintiff's termination and his inability to make informed decisions about his leave including the duration of his protected FMLA leave and the ability to take leave in a manner which would provide all protections afforded by the law.

31. Defendant's actions against Plaintiff were reckless and in deliberate disregard of the FMLA's notice provisions.

32. Defendant terminated Plaintiff because he was eligible for and/or required leave under the FMLA to care for his mother's and his own serious health condition(s). In so doing, Defendant knowingly and deliberately interfered with Plaintiff's FMLA rights.

33. Defendant's termination of Plaintiff when it knew he was in need of leave and/or at a time when he notified Defendant that he needed to provide care for his mother and/or had been diagnosed with a serious health condition and was under a doctor's care was reckless and in deliberate disregard of the FMLA's notice provisions and Plaintiff's rights under the FMLA.

34. In terminating Plaintiff, when Defendant knew he was eligible for leave under the FMLA, Defendant interfered with and violated Plaintiff's rights under the FMLA, and Plaintiff seeks all appropriate relief as requested in the prayer for relief.

**COUNT II: DISCRIMINATION/RETALIATION FOR EXERCISING RIGHTS AND ENGAGING IN CONDUCT PROTECTED UNDER THE FAMILY AND MEDICAL LEAVE ACT**

35. Plaintiff incorporates the previous paragraphs as if set forth herein.

36. Before requiring FMLA leave and notice, Plaintiff had been employed by Defendant for longer than 12 (twelve) months and had worked at least 1250 (twelve hundred fifty) hours of service for Defendant.

37. When Plaintiff notified Defendant of his serious health condition(s) and/or his need to take time off from work to care for his mother, he gave adequate and proper notice of his need to take a leave of absence from work under the FMLA.

38. When Plaintiff requested and/or required leave, he was qualified and eligible for FMLA leave.

39. In requesting and/or otherwise seeking FMLA leave, Plaintiff engaged in conduct protected under the FMLA that entitles him to all relief available under the law.

40. Defendant had knowledge of Plaintiff's protected conduct because he inquired about taking FMLA leave to care for his mother and notified Defendant of his serious health condition and need to treat the same.

41. Defendant took adverse action against Plaintiff including, but not limited to, termination.

42. Plaintiff's request and/or notification to Defendant of his need for FMLA leave was a motivating factor in Defendant's decision to take adverse action against Plaintiff, up to and including termination.

43. Defendant knowingly and/or recklessly notified Plaintiff that he was not eligible for FMLA and terminated Plaintiff because Defendant incorrectly claimed Mr. Collins had no leave time available.

44. Defendant's conduct up to and including its termination of Plaintiff is and was in bad faith, malicious, reckless and purposefully indifferent to Plaintiff's rights under the FMLA, and he seeks remedy as set forth in her prayer for relief.

## COUNT III: RETALIATORY DISCHARGE

45. Plaintiff incorporates the previous paragraphs as if set forth herein.

46. Throughout his employment, Mr. Collins performed all conditions, covenants, promises,

duties and responsibilities required of him and in accordance and conformity with Defendant's legitimate expectations.

47. Plaintiff notified Defendant 1) that he would require time off to care for his mother; and 2) that he had been diagnosed with a serious health condition and/or needed to take time off from work to treat his condition. In so doing, Plaintiff engaged in protected conduct.

48. Defendant had knowledge of Plaintiff's above-described protected conduct because Plaintiff informed Defendant of his need for time off from work and reasons for the same.

49. Defendant took adverse action against Plaintiff, up to and including termination.

50. Plaintiff's protected conduct, as described above, was a motivating factor in Defendant's decision to take adverse action against Plaintiff including, but not limited to, termination.

51. Plaintiff's discharge also followed his protected activities within such a period of time that the Court can infer retaliatory motivation.

52. The Defendant's treatment and termination of Plaintiff is a retaliatory and wrongful discharge in violation of the public policies embodied in the FMLA, West Virginia Human Rights Act and the statutes, rules, regulations and common law of the State of West Virginia.

53. Any reason alleged by Defendant for terminating the Plaintiff and denying him the benefits of employment is pretext for Defendant's real reason for firing the Plaintiff, which is Defendant's retaliation against Plaintiff for seeking, requiring and/or taking time off to care for his and/or his mother's serious health conditions.

54. As a direct and/or proximate result of Defendant's intentional retaliatory acts against him, Plaintiff has suffered and continues to suffer injury, including, but not limited to, loss of past and future income and other benefits of employment, anguish, pain and suffering,

humiliation, loss of enjoyment of life, costs associated with obtaining employment, embarrassment, damage to his reputation and other past and future pecuniary losses.

55. Defendant and its agents knew or reasonably should have known that their actions taken against Plaintiff were false, wanton, willful, and malicious and designed and intended solely to harm him.

56. Defendant's actions are and were indifferent to Plaintiff's rights under the Family and Medical Leave Act, West Virginia Human Rights Act and the common law and public policies of the State of West Virginia. Wherefore, Plaintiff seeks punitive damages and other relief as provided below.

## COUNT IV: DISABILITY DISCRIMINATION

57. Plaintiff incorporates the previous paragraphs as if set forth herein.

58. The Plaintiff is a person with a disability under the West Virginia Human Rights Act (W. Va. Code §5-11-3(m)) because he has a condition which substantially limits one or more major life activities, and/or Defendant regarded Plaintiff as having such an impairment.

59. At all times alleged, the Plaintiff was and is qualified for the job he held with the Defendant. This is because the Plaintiff satisfies and satisfied the skill, experience, and other job-related requirements for the position, and because Plaintiff was and is able to perform the essential functions of his job with or without reasonable accommodation.

60. The Defendant, by and through the actions of its managers and agents intentionally discriminated against the Plaintiff based on his status as a person with a disability.

61. Plaintiff's status as a person with a disability was a motivating factor in Defendant's decision to take adverse action against Plaintiff, up to and including termination.

62. The Defendant's termination of Plaintiff based on the alleged exhaustion of his sick leave

is and was a pretext for its illegal discrimination of Plaintiff based on his status as a person with a disability.

63. Defendant knew or reasonably should have known that its actions against Mr. Collins were false, wanton, willful and malicious, intended to solely harm him and were indifferent to his rights under the West Virginia Human Rights Act.

64. As a direct and/or proximate result of the intentional discriminatory acts and practices of Defendant, the Plaintiff has suffered and continues to suffer injury, including past and future loss of income and other benefits of employment, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, and damage to his reputation, as well as other past and future pecuniary losses. Wherefore, Plaintiff requests judgment as set forth in the prayer for relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks damages as set forth below:

On Counts I and II, grant Plaintiff back wages, liquidated damages, reinstatement and/or front pay, the costs of litigation, including court costs, any expert witness fees, reasonable attorneys' fees, and all other remedies allowed under FMLA;

On Counts III and IV, grant Plaintiff actual damages for lost wages, front pay, back pay, lost compensation and fringe benefits, and other actual damages according to the evidence and as determined by a jury;

On Counts III and IV, grant Plaintiff general and compensatory damages for annoyance, inconvenience, embarrassment, humiliation and emotional distress suffered by Plaintiff as a direct and proximate result of Defendant's conduct;

On Counts III and IV grant Plaintiff punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish the Defendant for its reckless and willful actions;

Prejudgment and post-judgment interest on all amounts allowed by law;

All costs incurred in pursuing this action;

Attorney fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

PLAINTIFF, RICHARD COLLINS,
By Counsel,

s/Hoyt Glazer
Hoyt Glazer, Esq. (WV Bar #6479)
LAW OFFICE OF HOYT GLAZER, PLLC
618 Tenth Street, Suite 105
Huntington, WV 25701
T. 681-204-3914
F. 681-245-6283
hoyt@hoytglaw.com